UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                            |   |                    |
|----------------------------|---|--------------------|
| ANTHONY MASON,             | : | NO. 1:07-CV-1020   |
|    Petitioner, | : |                    |
| vs.                        | : |                    |
|                            | : | **OPINION AND ORDER** |
| TIMOTHY BRUNSMAN, Warden,  | : |                    |
|    Respondent. | : |                    |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 12) and Petitioner's Objection (doc. 16). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I. Background**

A Grand Jury indicted Petitioner in 2003 in Butler County, Ohio on one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(B), with three specifications; one count of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(2), with a specification; and one count of felonious assault as defined in Ohio Rev. Code § 2903.11(A)(2) with a specification (doc. 8). On April 26, 2004, the Butler County, Ohio Court of Common Pleas sentenced Petitioner to terms of life imprisonment without parole for aggravated murder, ten years imprisonment for aggravated burglary, seven years imprisonment for felonious assault, and two

sentences of three years imprisonment on the weapons specifications to Counts One and Three, all terms to be served consecutively (doc. 12). The Court also sentenced Petitioner to a term of three years imprisonment on the specification to Count Two to be served concurrently to the specification in Count One (Id.). With the assistance of counsel, Petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District, who affirmed the trial court's decision on June 13, 2005 (Id.). Petitioner filed a pro se appeal to the Supreme Court of Ohio and raised seven assignments of error that mirrored those in his direct appeal (Id.). On October 12, 2005, the Supreme Court of Ohio accepted the appeal on Petitioner's seventh proposition of law challenging consecutive sentences (Id.). Subsequently, on May 3, 2006, the Supreme Court of Ohio reversed the Court of Appeals as to the seventh proposition of law and remanded the case for resentencing consistent with State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). On resentencing, in accordance with the remand from the Supreme Court of Ohio, the trial court sentenced Petitioner to the originally imposed sentence (doc 8).

Petitioner, through counsel, challenged his resentencing as a violation of his due process rights and on the basis of ineffectiveness of trial counsel (doc 8). The Twelfth District Court of Appeals for the State of Ohio affirmed the judgment of the trial court (Id.). Petitioner then appealed pro se to the Supreme

Court of Ohio, but was denied leave to appeal because his appeal did not involve any substantial constitutional question. Petitioner's subsequent applications for reopening his direct appeal under Ohio App. R. 26(b) on the basis of ineffective assistance of appellate counsel was denied by the twelfth District Court of Appeals (Id.).

Petitioner filed the instant habeas action pro se in December 2007 pursuant to 28 U.S.C. § 2254 (doc 1). Petitioner alleged seven grounds for relief (Id.) Petitioner first argued the prosecution engaged in misconduct by failing to disclose a statement of the appellant and by arguing improper matters during closing argument (Id.) Second, Petitioner argued the court erred by failing to give an instruction of a lesser included offense of voluntary manslaughter because there was evidence that appellant had been provoked (Id.). Third, Petitioner argued the court should have granted the appellant's motion to suppress statements because they were given without a Miranda warning and while the appellant was being treated at a hospital for a gunshot wound (Id.). Fourth, Petitioner argued the convictions were against the manifest weight of the evidence because the evidence presented did not support criminal liability (Id.). Fifth, Petitioner argued the court erred by allowing admission of evidence because an affidavit from the decedent, outlining allegations against appellant on an unrelated matter, was hearsay, prejudicial and inadmissable (Id.). Sixth,

3

Petitioner argued the court violated due process by not removing a juror because the juror knew a key state witness (Id.). Seventh, Petitioner argued the court improperly imposed consecutive sentences because the jury did not make specific aggravated findings supporting consecutive sentences (Id.).

**II. Report and Recommendation and Objections**

On February 19, 2009, after considering each of Petitioner's arguments, the Magistrate Judge issued a Report and Recommendation recommending the petition be dismissed with prejudice, and the certificate of appealability be denied (doc. 12).

With respect to Ground One, which refers to prosecutorial misconduct in failing to disclose a statement of the appellant and in arguing improper matters in closing, the Magistrate Judge concluded neither enough to establish an unfair trial or a denial of due process (Id.). Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to Petitioner's failure to raise them as required by state procedure." Wainwright v. Sykes, 433 U.S. 72, 87 (1977). When a Petitioner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can show cause and actual prejudice or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under

4

Ohio law, failure to raise a contemporaneous objection to a perceived error in the trial court constitutes a procedural bar to review the error on direct appeal. Scott v. Mitchell, 209 F.3d 854, 866 (6th Cir. 2000), citing Ohio R. Crim. P. 52. Ohio courts may perform a limited review of the record to ensure the absence of a plain error affecting a substantial right. Crim R. 52.(B). The primary issue in the plain error review is whether the outcome of the trial would have been different without the error. State v. Braden, 785 N.E.2d 439, 452 (2003)(citing State v. Long, 372 N.E.2d 804 (1978), paragraph two of the syllabus). Petitioner concedes his counsel did not raise the objection of improper vouching for a witness at trial and therefore committed a procedural default of the claim (doc. 11). While the Ohio Court of Appeals reviewed the claim under plain error review, that does not constitute a waiver of state procedural default rules. Seymore v. Walker, 224 F.3d 542, 557 (6th Cir. 2000), cert denied, 532 U.S. 989 (2001)(citing Paprocki v. Foltz, 869 F.2d 281, 284-84 (6th Cir. 1989)). Similarly, the Sixth Circuit has consistently held Ohio's contemporaneous objection rule to be an adequate and independent procedural rule that bars federal habeas review absent showing cause for the waiver and resulting prejudice. See Gulertekin v. Tinnelman-Cooper, 340 F.3d 415, 423-24 (6th Cir. 2003). Because the Ohio Court of Appeals enforced the waiver doctrine and only undertook plain-error review of the issue, Petitioner must show

5

cause and actual prejudice for the procedural default or present a fundamental miscarriage of justice in order to merit federal review. The Magistrate Judge found Petitioner had not shown justification as "cause", because both cause and prejudice are necessary to excuse procedural default, there is no need to consider prejudice (doc. 12, citing <u>Murray v. Carrier</u>, 477 U.S. 478, 494-95 (1986)).

The Magistrate Judge also found Petitioner failed to show that if his claim is not considered on the merits, a "fundamental miscarriage of justice" will occur (doc. 12). Therefore, the Magistrate Judge found this part of the prosecutorial misconduct claim is procedurally defaulted and waived for purposes of federal habeas corpus review (<u>Id</u>.). In the alternative, the Magistrate Judge found this portion of Petitioner's prosecutorial misconduct claim to be without merit (<u>Id</u>). The Magistrate Judge stated "the touchstone of due process analysis in such a case is the fairness of the trial, not the culpability of the prosecutor", (<u>Id</u>., quoting <u>Smith v. Phillips</u>, 455 U.S. 209, 219 (1982)). This Court can only "provide relief if the [conduct was] so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process violation." <u>Darden v. Wainwright</u>, 477 U.S. 168, 181. Further, the Magistrate Judge found the prosecutor's alleged misconduct must be viewed within the context of the entire trial and reversal is only required if the prosecutor's conduct

6

"permeates the entire atmosphere of the trial." (doc. 12, quoting Lundgren v. Mitchell, 440 F.3d 754, 778 (6th Cir. 2006)).

The Magistrate Judge then reviewed Petitioner's claim under the seven factors to be considered in weighing whether a prosecutor's misconduct amounts to a due process violation, concluding that the analysis swayed overwhelmingly against granting the Federal habeas petition (doc. 12). The Magistrate Judge similarly found that even if the prosecutorial misconduct amounted to constitutional error, federal habeas relief may not be granted unless such error "had substantial and injurious effect or influence in determining the jury's verdict" (Id., citing Calderon v. Coleman, 525 U.S. 141, 145 (1998); see also O'Neal v. McAninch, 513 U.S. 432, 435-36 (1995)). The Magistrate Judge further found that if upon the review of the record, the error had little or no effect on the jury, the conviction must stand (Id.). Rather, if the court finds that the jury was influenced by the misconduct the conviction be overturned (Id., citing O'Neal, 513 U.S. at 436-38; Kotteakos 328 U.S. at 764-65). While the Ohio Court of Appeals found the conduct of the prosecutor amounted to vouching for the witness, the Magistrate Judge found this was not enough to render the entire trial unfair (doc. 12). The Magistrate Judge also found Petitioner's argument, that the prosecutor's remark during closing amounted to an attack on the defense attorney, was not so prejudicial to render Petitioner's trial unfair (Id.). These two

7

comments taken together were not found to be sufficient to render Petitioner's trial unfair and were therefore found to be without merit (Id.).

The Magistrate Judge found Petitioner's Second Ground arguments, that the trial court failed to instruct on a lesser included offense, to be without merit (doc. 12). The Magistrate Judge found a federal court may review a state prisoner's habeas corpus petition on the ground the challenged confinement violates the Constitution, laws or treaties of the United States, not on the "basis of a perceived error of state law" (Id., quoting 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984)).

As the Magistrate Judge noted, the constitutional issue in the Supreme Court decision, Beck v. Alabama, was whether a defendant in a capital murder case has the right to the inclusion of a lesser, included offense (Id., citing Beck v. Alabama, 447 U.S. 625 (1980)). The Magistrate Judge found regardless of whether the Petitioner's case qualifies as a capital case, he would not be entitled to a jury instruction on voluntary manslaughter (doc. 12). The Magistrate Judge further found that "[a] Beck instruction is only required when 'there was evidence which, if believed, could reasonably have led to a verdict of guilt of a lesser offense,' but not the greater...a lesser included offense instruction is therefore not required when the evidence does not support it." (Id., quoting Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir.

8

2001)(quoting Hopper v. Evans, 456 U.S. 605, 610 (1982)), cert. denied, 535 U.S. 975 (2002)). The Magistrate Judge found insufficient evidence of provocation to warrant an instruction on involuntary manslaughter because Petitioner argued the shooting was self-defense (Id.). Therefore, the Magistrate Judge concluded this claim lacks the sudden passion or rage brought on by serious provocation by the victim (Id.).

The Magistrate Judge found Petitioner's Third Ground for habeas, a claim for violation of his fifth amendment rights, not well founded (doc. 12). Petitioner argued that because he was not given the Miranda warning prior to being questioned in the hospital any statements he made should not have been allowed into evidence (doc. 1). Petitioner also argued that because of this tainted testimony, any further testimony given after the Miranda warning should also not be admitted due to the misconduct stemming from the earlier testimony (Id.). In response, the Magistrate Judge found the Ohio Court of Appeals to be correct in asserting Petitioner was not in custody at the time he was initially questioned and was therefore not required to have been given the Miranda warning (Id., citing Yarborough v. Alvarado, 541 U.S. 652, 661 (2004)). The Magistrate Judge also found that in addition to the considerations of location, length, and manner of questioning, the confession "must be free and voluntary; that is, must not be extracted by any sort of threats or violence, not obtained by any direct or implied

9

promises, however slight, not by the exertion of any improper influence" (doc. 12, quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)).  In addressing the question of whether the Ohio Court of Appeals' decision that Petitioner was not "in custody" when initially questioned by Detective Webster was objectively unreasonable; the Magistrate Judge found that it was not (Id.). The Magistrate Judge also concluded the finding was not unreasonable because the questioning was performed after Petitioner was voluntarily transported to the hospital, Petitioner was not restrained, Petitioner was not told he could not leave, and the questioning was described as "very casual" (Id.).  In addition, the Magistrate Judge found the Ohio Court of Appeals' decision that Petitioner's statements were made voluntarily was neither contrary to, nor an unreasonable application of the applicable standard (Id.).  The Magistrate Judge stated the Court must presume correctness of the state court's factual determinations upon habeas review and the Petitioner bears the burden of rebutting such presumptions with clear and convincing evidence; which, according to the Magistrate Judge, Petitioner did not do (Id.).  Because the Petitioner was found not to have been "in custody" for the purposes of the initial interview, the contention that the second interview was tainted is without merit (Id.).

Likewise, the Magistrate Judge stated that even if the Petitioner was found to be "in custody" for the initial interview,

10

the Supreme Court has rejected notions that remarks made prior to a suspect being Mirandized compromised the voluntariness of a later confession (Id., citing Oregon v. Elstad, 470 U.S. 298, 300 (1985)).

The Magistrate Judge next found Petitioner's Fourth Ground for habeas, that his convictions were against the manifest weight of the evidence, not well-founded because the federal habeas court does not act as an additional state appellate court and cannot conduct an exhaustive review of the credibility of witnesses and evidence (Id.). The Magistrate Judge likewise found that even if this claim is construed as a ground for relief asserting a claim of insufficient evidence to convict under the Due Process Clause, the claim would be without merit (Id.). In reviewing the evidence for the purpose of a claim of insufficient evidence, the court "does not reweigh evidence or redetermine the credibility of witnesses whose demeanor has been observed by the trial court." (Id., quoting Mathews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003)(citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). The Magistrate Judge found the jury was presented here with two opposing views of the facts and chose to believe the mother of the victim's testimony and disregard Petitioner's (Id.). Therefore, because the court cannot reweigh the evidence and reassess the credibility of witnesses, the Magistrate Judge concluded the evidence presented was sufficient to establish the essential

11

elements of aggravated murder, aggravated burglary, and felonious assault beyond a reasonable doubt (Id.).

The Magistrate Judge found Ground Five of Petitioner's habeas petition, that the trial court erred in admitting into evidence an affidavit from the decedent outlining allegations against Petitioner in an unrelated matter hearsay, inadmissable and prejudicial to his defense, to be without merit (doc. 12). The Magistrate Judge stated it is inappropriate for federal habeas corpus review as the writ may not be issued on perceived errors of state law (Id., quoting Pulley v. Harris, 465 U.S. 37,41 (1984); Smith v. Sowders, 848 F.2d 735, 738 (6th Cir. 1988)). The Magistrate Judge further found Petitioner failed to demonstrate how the allegedly incorrect evidentiary ruling denied him a fair trial, noting that the court specifically instructed the jury that the victim's affidavit could not be used to prove the truth of matters in the affidavit (Id.). The Magistrate Judge found, in taking the record as a whole, the use of the victim's affidavit was not sufficiently egregious to trigger fair trial concerns (Id.).

The Magistrate Judge found Petitioner's Sixth Ground for relief, asserting the trial court violated Petitioner's due process rights by not removing a juror who indicated he knew a key state witness, to be without merit because jurors are presumed impartial (Id., citing Irvin c. Dowd, 366 U.S. 717 (1961)). The trial judge's determination of a jury's impartiality is a finding of fact

subject to special deference absent clear and convincing evidence otherwise. Patton v. Yount, 467 U.S. 1025, 1031, 1038 (1984); Bowling v. Parker, 344 F.3d 487, 519 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004). The Magistrate Judge also found the record did not establish Petitioner's constitutional right to an impartial jury was denied because Mr. Asher testified he could decide the case impartially (doc. 12).

Finally, the Magistrate Judge found the Seventh Ground for habeas corpus, that the court improperly imposed consecutive sentences without a jury determination of the necessary aggravated findings in violation of Blakely v. Washington, 542 U.S. 296 (2004), to be without merit (doc. 12). The Magistrate Judge found that Petitioner's resentencing did not violate State v. Foster, 109 Ohio St3d 1, 845 N.E.2d 470 (2006), cert denied, 127 S.Ct. 442 (206) (doc. 12). Petitioner argued that application of the Foster sentencing scheme to his resentencing had an impermissible ex post facto effect on his sentence; and then, violated the ex post facto clause of the United States Constitution (doc. 1). In response, the Magistrate Judge found the clause applies only to a limitation on the powers of the legislature and not to judicial decisions (Id., citing McGhee v. Konteh, No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb 1, 2008)(unpublished)). The Magistrate Judge further found the Fourteenth Amendment's Due Process Clause does limit ex post facto judicial decision-making (Id., citing Rogers v.

13

Tennessee, 532 U.S. 451, 456 (2001)). Rogers held retroactive judicial decision making must still comport with "core due process concepts of notice, foreseeability, and in particular the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Id. at 459 (citing Bouie v. City of Columbia, 378 U.S. 347, 351, 352, 354-55(1964)). Here, the Magistrate Judge found Petitioner was unable to prevail on a claim of lack of sufficient notice or fair warning because neither Blakely nor Foster changed the elements necessary to convict Petitioner of the aggravated murder, aggravated burglary, or felonious assault charges, and Petitioner was aware of the potential penalties faced both before and after Foster (doc. 12).

Petitioner filed numerous objections to the Report and Recommendation (doc. 16). Petitioner first objects to the Magistrate Judge's Report and Recommendation because he contends de novo review is required where factual findings of the state court are challenged (Id.). Second, Petitioner argues that there was not a cumulative effect of prosecutorial misconduct (Id.). Third, Petitioner objects to the Magistrate Judge's finding that Petitioner is required to present evidence as required for a manslaughter defense to murder (Id.). Fourth, Petitioner objects to the Magistrate Judge's finding that Petitioner was not in custody during his first questioning (Id.). Fifth, Petitioner

contests the Magistrate Judge's conclusion that the Court may not consider the credibility of evidence in establishing its sufficiency (Id.). Sixth, Petitioner objects to the Magistrate Judge's finding that it is not appropriate for a federal habeas court to review perceived errors of state law (Id.). Seventh, Petitioner objects to the Magistrate Judge's finding that in federal habeas review the trial judge's determination of a jury's impartiality is a finding of fact subject to special deference absent clear and convincing evidence otherwise (Id.). Eighth, Petitioner objects to the Magistrate Judge's finding that the resentencing of Petitioner does not violate Blakely or the bar against ex post facto claims (Id.).

**III. Discussion**

Having reviewed both the Report and Recommendation from the Magistrate Judge (doc. 12) and Petitioner's objections (doc. 16), the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and adopts it in its entirety. As to Petitioner's first ground for relief, the Court finds that de novo review is not required in this case because Petitioner failed to establish the findings of the State Appellate Court were unreasonable. Further, the Court agrees with the Magistrate Judge that the review of prosecutorial conduct is barred unless Petitioner can show cause and actual prejudice or that failure to consider the claims would result in a fundamental miscarriage of

15

justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Court also agrees with the Magistrate Judge that Petitioner has not done so here and when taken in the aggregate, the offenses were not egregious enough to qualify for relief.

In reference to the second ground for relief, this Court may only review claims on the basis that they violate the United States Constitution, not state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). The Court further agrees with the Magistrate Judge's Report and Recommendation that "[a] Beck instruction is only required when 'there was evidence which, if believed, could reasonably have led to a verdict of guilt of a lesser offense,' but not the greater...a lesser included offense instruction is therefore not required when the evidence does not support it." Campbell v. Coyle, 260 F.3d 531, 541 (6th Cir. 2001)(quoting Hopper v. Evans, 456 U.S. 605, 610 (1982)), cert. denied, 535 U.S. 975 (2002). In addressing Petitioner's objection to this argument, the Court finds that as an affirmative defense in order to qualify for the included instruction of voluntary manslaughter, it is necessary for Petitioner to have shown more than "some evidence" that the Defendant acted in a way to satisfy the additional requirement of "sudden passion or fit of rage" and must prove this by a preponderance of the evidence. See State v. Shane, 590 N.E.2d 272 (Ohio 1992); State v. Rhodes, 590 N.E.2d 261 (Ohio 1992). The Court also agrees with the Magistrate Judge that while self-defense

does not necessarily preclude the affirmative defense of a sudden passion or fit of rage, in this case Petitioner failed to argue his case in a way that would allow both to proceed.

In regard to the third ground for relief, the Court agrees with the Magistrate Judge that because Petitioner was free to leave at any time during the initial questioning and the general demeanor of the questioning was relaxed, Petitioner's claim that his fifth amendment rights were violated is without merit. The Court further agrees that the totality of the circumstances, as viewed through the objective reasonable person standard, <u>Yarborough v. Alvarado</u>, 541 U.S. 652 (2004), lead to the conclusion that Petitioner's rights were not violated by the casual initial questioning. The Court also concludes regardless of whether the initial questioning was in violation, the subsequent statements after the Petitioner was mirandized would not be tainted because he had been given the <u>Miranda</u> warning in the interim. <u>See</u> <u>Oregon v. Elstad</u>, 470 U.S. 298, 300 (1985).

The Court likewise agrees with the Magistrate Judge's Report and Recommendation referring to the fourth ground for relief. The Court cannot consider a claim that the facts are against the "manifest weight of the evidence" because it is a matter of state law not to be decided by this Court. The Court also agrees with the Magistrate Judge's finding that if this claim was viewed properly as one of insufficient evidence rather than

17

against the manifest weight of the evidence, the claim would still not succeed. The Court must view the evidence in light most favorable to the prosecution and must determine whether any rational trier of fact could have found for the prosecution. Jackson v. Virginia, 443 U.S. 307, 316 (1979). The Court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003).

As to Petitioner's fifth ground for relief, the Court agrees with the Magistrate Judge's Report and Recommendation. Determining the admittance of evidence during trial is not appropriate for federal habeas review because the writ may not issue on perceived errors of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). The Court finds that it is only where a fundamental fairness is denied that the Court can grant relief in the form of the writ. Cooper v. Sowders, 837 F.2d 284, 286. The Court agrees with the Magistrate Judge that the admittance of the affidavit was not a sufficiently egregious error to warrant a new trial and at most had a minimal effect or influence on the jury's verdict in this case.

The Court does not find Petitioner's sixth ground for relief well-taken. In federal habeas review the trial judge's determination of a jury's impartiality is a finding of fact subject to special deference absent clear and convincing evidence

otherwise.  Patton v. Yount, 467 U.S. 1025, 1031, 1038 (1984); Bowling v. Parker, 344 F.3d 487, 519 (6th Cir. 2003), cert. denied, 543 U.S. 842 (2004).  The record showed in this case that the juror was able to make the decision based solely on the evidence and law.

Finally, as to the Petitioner's seventh ground for relief, the Court finds that the resentencing of Petitioner was in compliance with standards set forth in State v. Foster, 845 N.E.2d 470 (2006), cert. Denied, 127 S.Ct. 442 (2006) which followed Blakely v. Washington, 542 U.S. 296 (2004).  The Court further finds Foster does not purport to remove all restraint from the state courts in sentencing and instead does not require judicial findings for sentencing within the statutory guidelines.  Foster, 845 N.E.2d 470.  Finally, because the maximum sentence possible in this case was that of life imprisonment, imposing consecutive sentences could not surpass that limit and is therefore within the statutory range.

**IV. Conclusion**

For the foregoing reasons, this Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 12), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1).  The Court also DECLINES to issue a certificate of appealability with respect to the claims in the petition because Petitioner failed to make a substantial showing of the denial of

19

constitutional right based on these claims.  <u>See</u> 28 U.S.C. §2253(c), Fed. R. App. P. 22(b).  This Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal <u>in</u> <u>forma</u> <u>pauperis</u> will be DENIED pursuant to 28 U.S.C. §1915(a)(3).


    SO ORDERED.


Dated: July 15, 2009          <u>/s/ S. Arthur Spiegel</u>
                                     S. Arthur Spiegel
                                     Unites States Senior District Judge